UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MCLEAN-KATTER, LLC, et al.,

                        Plaintiffs,                    **ORDER**
                                                          CV 06-1499 (SJF) (ARL)

           -against-

STEPHEN KEEGAN, et al.,

                        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Sandra J. Feuerstein by

order of referral dated October 11, 2006 for the purpose of deciding the defendants' motion to

stay this matter pending the conclusion of related state court Article 78 proceedings. The

undersigned heard argument on October 11, 2006. For the reasons that follow, the motion is

denied.

Plaintiffs, McLean-Katter, LLC, Heritage Square Builders at East Moriches LLC, and

"John Doe" Nos. 1-408[1],  filed the complaint in this action on March 31, 2006 alleging violation

of the Fair Housing Act, 42 U.S.C. § 3601, the Americans with Disabilities Act, 42 U.S.C. §

12101, the Due Process and Equal Protection Clauses of the United States Constitution, 42

U.S.C. § 1983 together with supplemental state law claims including the New York State

Environmental Quality Review Act, as codified in Article 8 of the New York Environmental Law

("SEQRA") and its implementing regulations, 6 NYCRR § 617.1 *et seq*. Plaintiffs claim that the

defendants unlawfully discriminated against them by preventing construction of a multi-family

---

[1]These plaintiffs are alleged to represent future residents of the Heritage Square
congregate care residential project. (Compl. at ¶ 10).

housing unit for disabled persons aged 55 or older.  More specifically, plaintiffs allege that the

defendants have misused building moratoria, the site plan review process and the environmental

review process as pretexts to exclude the plaintiffs' proposed project in furtherance of a scheme

to unlawfully favor single-family dwellings.  By this action, plaintiffs seek a final order and

judgment directing the defendant Planning Board of the Town of Brookhaven to (i) issue a

"Negative Declaration" of environmental significance pursuant to SEQRA and its implementing

regulations, (ii) grant site plan approval, and (iii) such other municipal approvals necessary for,

and as a required reasonable accommodation for, the construction of the congregate care facility

proposed by the plaintiffs.  Plaintiffs also seek over $50,000,000 in monetary damages and

reasonable attorney's fees and costs.

One of the plaintiffs herein, Heritage Square Builders at East Moriches, LLC, has also

commenced two Article 78 proceedings in the New York State Supreme Court, Suffolk County,

entitled Matter of Heritage Square Builders at East Moriches, LLC v. Planning Board of the

Town of Brookhaven, Index Nos. 06-9726 and 06-12397.  These actions allege that the

defendants, Town of Brookhaven and the Planning Board of the Town of Brookhaven, have

improperly used SEQRA to delay construction of the planned congregate care facility at issue in

the federal lawsuit.  The earlier state court proceeding, filed on April 5, 2006, seeks to: (1) annul

the Planning Board resolution which purported to adopt a SEQRA Positive Declaration; (2)

annul the March 6, 2006 issuance of the Town's Planning Board's SEQRA Positive Declaration,[2]

and, in doing so, clear the way for the planned development to proceed without any further

consideration of its impact on the environment; and (3) grant petitioners' costs and

---

[2]The Positive Declaration requires that an Environmental Impact Statement be prepared.

disbursements. The March 6, 2006 SEQRA Positive Declaration was rescinded and replaced by the Town Planning Board's April 3, 2006 Positive Declaration. Accordingly, on May 3, 2006, Heritage Square Builders at East Moriches, LLC filed the second Article 78 petition to address the April 3, 2006 SEQRA Positive Declaration. See Petition, Index No. 06-12397.[3] Defendants now move for a stay of the federal action pending the conclusion of the state court proceedings. According to the defendants, because the parties and issues in the present action and the "parallel" state court proceedings are essentially the same, the Younger and Colorado River abstention doctrines require this court to stay this matter. The court disagrees.[4]

As a threshold matter, the court must determine whether the present plenary action and the state court special proceedings are "parallel." A finding that proceedings are parallel is a necessary prerequisite to the exercise of Colorado River abstention. Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir.1998). Lawsuits are considered parallel "if substantially the same parties are contemporaneously litigating substantially the same issues in different forums'." Dittmer, 146 F.3d at 118, quoting Day v. Union Mines, Inc., 862 F.2d 652, 655 (7th Cir.1988). Here, there is no question that the present action includes parties who are not part of the state court proceedings. The instant federal complaint was brought by the builder together with the developer and future residents of the Heritage Square congregate care residential project against the Town of Brookhaven, the Planning Board of the Town of Brookhaven and the seven

---

[3]The court notes that while the federal complaint addresses only the March 6, 2006 SEQRA Positive Declaration, the plaintiffs have expressed their intention to amend their federal complaint to include the Town Planning Board's issuance of the April 3, 2006 SEQRA Positive Declaration.

[4]Given the court's finding that abstention is inappropriate, the court need not address the plaintiffs' contention that the defendants are barred from asserting abstention given their failure to raise it as a defense in their answer.

individual members of the Planning Board.  In contrast, the Article 78 petitions were filed solely

by the builder against the Town of Brookhaven and the Town's Planning Board.  In addition, the

issues presented in each forum are not "substantially" the same.  The federal complaint seeks

vindication for the alleged discriminatory acts of the defendants, including, but not limited to the

issuance of a SEQRA positive declaration, pursuant to federal statutory and constitutional law.

The federal complaint seeks injunctive and declaratory relief as well as compensatory damages in

excess of $50,000,000 and reasonable attorney's fees.  The narrow issue before the state court in

both Article 78 proceedings is whether the Town Board's resolution adopting a SEQRA positive

declaration was arbitrary and capricious.  Thus, the claims and issues alleged in the federal

complaint are much broader than those in the Article 78 petitions.  Accordingly, the state

proceedings and this federal lawsuit are not parallel proceedings.  Given the absence of the

"parallel proceeding" requirement, abstention under Colorado River is not available.

The court next considers whether abstention under the Younger abstention doctrine is

warranted.  "The Supreme Court's ruling in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.

Ed.2d 669 (1971), established that a federal court, although it properly has jurisdiction, in the

interest of comity, should abstain from hearing a case that would interfere with an ongoing state

criminal proceeding."  Dorsett-Felicelli, Inc. v. County of Clinton, 371 F. Supp.2d 183, 189

(N.D.N.Y. 2005).  Although Younger abstention was developed to prohibit a federal court's

interference with an ongoing state criminal proceeding, it has since been extended to civil cases.

Id. (citing Huffman v. Pursue, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed.2d 482 (1975)).

It is well-settled that the appropriateness of abstention under Younger and its progeny is

determined by analyzing whether the following factors are satisfied: (1) there is a pending state

proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the

federal plaintiff an adequate opportunity for federal judicial review of his federal constitutional

or statutory claims. Spargo v. N.Y. Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir.

2003). A federal court must refrain from hearing a federal constitutional or statutory claim when

all three of these elements are met. Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir.2001); Spargo,

351 F.3d at 75 ("[D]ismissal or a stay of claims is mandatory when the requirements for Younger

abstention are satisfied."). In fact, "there is little or no discretion to abstain in a case which does

not meet traditional abstention requirements." Dittmer, 146 F.3d at 116; see also Moses S. Cone

Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 4, 103 S. Ct. 927, 936, 74 L.

Ed.2d 765 (1983) ("It is now black-letter law that abstention from federal jurisdiction is the

narrow exception not the rule.").

    While it is clear to the undersigned that the first two Younger factors are satisfied, a

comparison of the complaint in this action with the petitions filed in the state court special

proceedings confirm that a stay is unwarranted under the Younger abstention doctrine. The

narrow issue before the state court will not afford the federal plaintiffs an adequate opportunity

for federal judicial review of their federal constitutional or statutory claims. For example, in

contrast to the federal complaint, the Article 78 petitions filed in the state court cannot, as a

matter of law, seek compensatory or any other relief available under the Fair Housing Act or the

Americans with Disabilities Act, and are thus limited to a review of the record of the

administrative proceeding. These federal statutory claims are alleged to arise from the

defendants' pattern of unlawful discrimination against the disabled and older persons as well as

multi-family senior housing and are not isolated to review of the Board's issuance of a positive

declaration. Thus, as both parties acknowledge, the determination of the state court proceedings

will not resolve the claims in this case in their entirety. Given the difference in scope, subject

matter, purpose and available relief in this action as compared to that available in the special

proceedings, the court finds that plaintiffs would be prejudiced by a stay of the federal case.

Thus, the motion is denied.

Given the foregoing, the court now enters the proposed pretrial scheduling order as

agreed to by the parties on October 11, 2006.  Accordingly, the following pretrial schedule is

adopted:

 **January 31, 2007:**  Motions for joinder of additional parties to be completed.

 **January 31, 2007:**  Motion for amendment of pleadings completed.

 **April 25, 2007:**  All discovery, inclusive of expert discovery, to be concluded.

 **May 9, 2007 :**  Any party planning on making a dispositive motion must take the first step in the motion process by this date or risk forfeiting the right to make such a motion.  Parties are directed to consult the district judge's individual rules regarding such motion practice.

 **May 23, 2007 :**  Final conference before the undersigned at 2:00 PM.  Parties are to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, prior to the conference.  Meaningful settlement discussions will occur at the conference.  Clients or other persons with full settlement authority must be available by telephone.

This scheduling order will be modified by the court only upon a timely showing of good cause.  Any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D).

Dated: Central Islip, New York                    **SO ORDERED:**
           October 20, 2006

                                                                     /s/

                                                       _____
                                                       ARLENE ROSARIO LINDSAY
                                                       United States Magistrate Judge